1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

**BRETT ADAMS**, *on behalf of himself*
*and all others similarly situated,*

Plaintiff,

vs.

**SKAGIT BONDED COLLECTORS,
LLC DBA SB&C, LTD.,**

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

Case No.

**CLASS COMPLAINT AND JURY
DEMAND**

## NATURE OF ACTION

1.      Plaintiff Brett Adams ("Plaintiff") brings this putative class action against Defendant Skagit Bonded Collectors, LLC dba SB&C, Ltd. ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, individually and on behalf of all others similarly situated.

## JURISDICTION, STANDING, AND VENUE

2.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Plaintiff has Article III standing to bring this action, as it seeks to redress conduct by Defendant that caused Plaintiff to suffer intangible harms, which Congress

Complaint - 1

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
arinkleib@ThompsonConsumerLaw.com

has made legally cognizable in passing the FDCPA. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," and thus "may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) ("Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" (quoting 15 U.S.C. § 1692(b)).

4.       Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff reside in this district, and where Defendant transacts business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

5.       Congress enacted the FDCPA in order to eliminate "abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1179-80 (9th Cir. 2006) (citing 15 U.S.C. § 1692(e)).

6.       To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

Complaint - 2

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
arinkleib@ThompsonConsumerLaw.com

7.     Strict liability enhances "the remedial nature of the statute," and courts are "to interpret it liberally" to protect consumers.  *Clark*, 460 F.3d at 1176.

8.     In addition, by making available to prevailing consumers both statutory damages and attorneys' fees, Congress "clearly intended that private enforcement actions would be the primary enforcement tool of the Act."  *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982); *see also Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1118 (9th Cir. 2014).

9.     Violations of the FDCPA are assessed under the least sophisticated consumer standard which is "'designed to protect consumers of below average sophistication or intelligence,' or those who are 'uninformed or naïve,' particularly when those individuals are targeted by debt collectors."  *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (quoting *Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir. 2000)).

10.     "An FDCPA Plaintiff need not even have actually been misled or deceived by the debt collector's representation; instead, liability depends on whether the *hypothetical* 'least sophisticated debtor' likely would be misled."  *Tourgeman*, 755 F.3d at 1117-18 (emphasis in original).

11.     "[B]ecause the FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors, it is logical for debt collectors—repeat players likely to be acquainted with the legal standards governing their industry—to bear the brunt of the risk."  *Clark*, 460 F.3d at 1171-72; *see also FTC v. Colgate–Palmolive Co.,* 380 U.S. 374, 393 (1965) ("[I]t

Complaint - 3

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
arinkleib@ThompsonConsumerLaw.com

does not seem unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line.") (internal quotations omitted).

## PARTIES

12.    Plaintiff is a natural person who at all relevant times resided in the State of Washington, County of Skagit, and City of Clearlake.

13.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

14.    Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

15.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

16.    Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendant.

17.    Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal medical services (the "Debt").

18.    Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

19.    Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

Complaint - 4

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
arinkleib@ThompsonConsumerLaw.com

20.     In connection with the collection of the Debt, Defendant sent Plaintiff four written communications dated January 21, 2019.

21.     True and correct copies of the January 21, 2019 letters are attached as Exhibit A.

22.     The January 21, 2019 letters were Defendant's initial communications with Plaintiff with respect to the Debt.

23.     Defendant's January 21, 2019 letters purported to contain the notices required in an initial communication by 15 U.S.C. § 1692g(a).

24.     However, nowhere in Defendant's January 21, 2019 letters does Defendant meaningfully convey the identity of the creditor to whom the debt is owed.

25.     The January 21, 2019 letters state: "Original Creditor: SKAGIT REGIONAL HEALTH." Exhibit A (emphasis in original).

26.     The January 21, 2019 letters then state: "This account has been assigned to our office for collection." *Id*.

27.     The letters also state that Defendant "will provide you the name and address of the original creditor, if different from the current creditor" which implies that the original creditor is different than the current creditor. *Id*.

28.     Plaintiff received and read Defendant's January 21, 2019 letters.

29.     However, upon reading the letter, Plaintiff was unsure of who the current creditor was as the only entity other than Defendant mentioned in the letters is Skagit Regional Health, who Defendant labeled as the "original creditor." *See* Exhibit A.

Complaint - 5

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
arinkleib@ThompsonConsumerLaw.com

30.     Thus, the least sophisticated consumer may reasonably conclude that "SKAGIT REGIONAL HEALTH" is the original creditor and that *another* entity is the current creditor of the Debt.

31.     Defendant's January 21, 2019 letters do not otherwise explain who assigned the account to it for collection, or give any indication as to the identity of the current creditor.

32.     Therefore, Defendant's January 21, 2019 letters failed to meaningfully convey the name of the creditor to whom the Debt is owed.

## CLASS ALLEGATIONS

33.     Plaintiff repeats and re-alleges each and every factual allegation above.

34.     Defendant's January 21, 2019 letters are based on a form or template where the letter lists "Original Creditor: [ENTITY NAME]" in the heading, states "[t]his account has been assigned to our office for collection" without indicating who assigned the account to it for collection, and implies that the original creditor is different than the current creditor by advising that it "will provide you the name and address of the original creditor, if different from the current creditor" (the "Template").

35.     Upon information and belief, Defendant has sent more than forty (40) collection letters based upon the Template to individuals in the State of Washington in the year prior to the filing of this action.

36.     Plaintiff brings this action on behalf of himself and all others similarly situated.  Specifically, Plaintiff seeks to represent a class of individuals defined as:

Complaint - 6

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
arinkleib@ThompsonConsumerLaw.com

All individuals in the State of Washington to whom Defendant sent, within one year before the date of this complaint and in an attempt to collect a debt, a letter based on the Template.

37.     The proposed class specifically excludes the United States of America, the State of Washington, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Ninth Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

38.     The class is averred to be so numerous that joinder of members is impracticable.

39.     The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

40.     The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

41.     There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented.  These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendants' violations of 15 U.S.C. § 1692 *et seq.*; (c) the availability of statutory penalties; and (d) attorney's fees and costs.

42.     The claims of Plaintiff are typical of the claims of the class he seeks to represent.

Complaint - 7

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
arinkleib@ThompsonConsumerLaw.com

43.    The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendant.  Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

44.    Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

45.    Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other class members.

46.    Plaintiff is willing and prepared to serve this Court and the proposed class.

47.    The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

48.    Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, who will adequately prosecute this action, and who will assert, protect and otherwise represent Plaintiff and all absent class members.

49.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

Complaint - 8

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
arinkleib@ThompsonConsumerLaw.com

50.    The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

51.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

52.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

53.    Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
arinkleib@ThompsonConsumerLaw.com

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692g(a)(2)**

54.     Plaintiff repeats and re-alleges each factual allegation contained above.

55.     A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice.  *See* 15 U.S.C. § 1692g(a).

56.     Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir. 1991)).

57.     This validation requirement is a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid."  *See Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

58.     "Viewed from the perspective of the least sophisticated consumer, the Validation Notice must effectively convey the identity of the creditor." *Youssofi v. CMRE Fin. Servs., Inc.*, No. 15CV2310 JM(WVG), 2016 WL 4098312, at *3 (S.D. Cal. Aug. 2, 2016).

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
arinkleib@ThompsonConsumerLaw.com

59.    "Merely including the current creditor's name in a debt collection letter, without more, is insufficient to satisfy 15 U.S.C. § 1692g(a)(2)." *McGinty v. Prof'l Claims Bureau, Inc.*, No. 15CV4356SJFARL, 2016 WL 6069180, at *4 (E.D.N.Y. Oct. 17, 2016); *see Datiz v. Int'l Recovery Assocs., Inc.*, No. 15-CV-3549, 2016 WL 4148330, at *11 (E.D.N.Y. Aug. 4, 2016) ("[A] debt collector cannot satisfy Section 1692g(a)(2) by naming an entity without explicitly or implicitly making clear in the letter that the entity is the debtor's current creditor to whom a debt is owed.").

60.    Defendant violated 15 U.S.C. § 1692g(a)(2) by failing to disclose to Plaintiff the name of the creditor to whom the Debt is currently owed.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b)   Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(2) with respect to Plaintiff and the class he seeks to represent;

c)   Awarding Plaintiff and the class he seeks to represent actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)   Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e)   Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, not to exceed

Complaint - 11

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
arinkleib@ThompsonConsumerLaw.com

the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class he seeks to represent reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Plaintiff and the class he seeks to represent any pre-judgment and post-judgment interest as permissible under the law; and

h) Awarding such other and further relief as the Court may deem just and proper.

**COUNT II**
**VIOLATION OF 15 U.S.C. § 1692e**

61.    Plaintiff repeats and re-alleges each factual allegation above.

62.    The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts.  *See* 15 U.S.C. § 1692e.  *See Hamilton v. United Healthcare of Louisiana, Inc*., 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

63.    "Courts have routinely found debt collection letters to be deceptive where the letter fails to clearly identify the current creditor of the debt. . . . Accordingly, as Defendant's March 3, 2017 letter failed to identify the current creditor of Plaintiff's medical debt, the Complaint as to this allegation sufficiently states a violation of §

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
arinkleib@ThompsonConsumerLaw.com

1692e." *Valentin v. Grant Mercantile Agency, Inc.*, No. 117CV01019AWISKO, 2017 WL 6604410, at *6 (E.D. Cal. Dec. 27, 2017).

64. By misleading Plaintiff as to the identity of the current creditor, Defendant violated 15 U.S.C. § 1692e.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692e with respect to Plaintiff and the class he seeks to represent;

c) Awarding Plaintiff and the class he seeks to represent actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class he seeks to represent reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3);

Complaint - 13

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
arinkleib@ThompsonConsumerLaw.com

g)  Awarding Plaintiff and the class he seeks to represent any pre-judgment and post-judgment interest as permissible under the law; and

h)  Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

65.    Plaintiff is entitled to and hereby demands a trial by jury.


Dated: June 27, 2019

Respectfully submitted,

s/Amorette Rinkleib
Amorette Rinkleib WSBA# 48626
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone (602) 899-9189
Facsimile: (866) 317-2674
arinkleib@ThompsonConsumerLaw.com
Attorney for Plaintiff

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
arinkleib@ThompsonConsumerLaw.com