UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRETT ADAMS, on behalf of himself
and all others similarly situated,

Plaintiff,

v.

SKAGIT BONDED COLLECTORS,
LLC dba SB&C, LTD.,

Defendant.

C19-1005 TSZ

ORDER

THIS MATTER comes before the Court on defendant's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), docket no. 15. Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following order.

**Background**

Plaintiff Brett Adams brings this putative class action against defendant Skagit Bonded Collectors, LLC dba SB&C, Ltd., alleging violations of two provisions of the Fair Debt Collection Practices Act ("FDCPA"), namely 15 U.S.C. § 1692g(a)(2) and 15 U.S.C. § 1692e. *See* Compl. (docket no. 1). Plaintiff received four different letters from

ORDER - 1

defendant indicating that the described accounts had "been assigned to [defendant's] office for collection." *See* Ex. A to Compl. (docket no. 1-1). Each letter was dated January 21, 2019, and identified the "Original Creditor" as Skagit Regional Health. Each letter referenced a unique creditor account number, and indicated that "no payment was received." *Id.* The letters recited that the following amounts were owed:

| Account No. | Principal Balance | Interest and Service Fees | Total Due |
|---|---|---|---|
| H▇▇▇873 | $ 20.00 | $ 0.60 | $ 20.60 |
| H▇▇▇427 | $ 20.00 | $ 0.60 | $ 20.60 |
| H▇▇▇860 | $2,350.90 | $ 71.30 | $2,422.20 |
| H▇▇▇406 | $2,874.00 | $ 87.16 | $2,961.16 |

*Id.* Plaintiff contends that each letter fails to identify the current creditor as required by the FDCPA. Defendant seeks judgment on the pleadings, arguing that the letters do not violate either § 1692g(a)(2) or § 1692e, and that plaintiff lacks standing.

**Discussion**

**A.    Standard for Judgment on the Pleadings**

Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law. *See Gen'l Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989); *see also* Fed. R. Civ. P. 12(c). In deciding a motion for judgment on the pleadings, the Court must accept as true all allegations of fact by the party opposing the motion, and must construe the pleadings in the light most favorable to the non-

ORDER - 2

moving party. *See* <u>McGlinchy v. Shell Chem. Co.</u>, 845 F.2d 802, 810 (9th Cir. 1988). In this matter, the facts are undisputed, and the issue before the Court is solely whether, as a matter of law, the language of defendant's "dunning" letters complies with the FDCPA. *See* <u>McBroom v. Syndicated Office Sys., LLC</u>, 2018 WL 6199014 at *2 (W.D. Wash. Nov. 28, 2018) ("When all relevant facts are undisputed, 'the application of the FDCPA to those facts is a question of law.'" (citing <u>Sheriff v. Gillie</u>, 136 S. Ct. 1594, 1603 n.7 (2016))).

**B.      The Requirements of the FDCPA**

Under FDCPA, a debt collector must, in connection with an attempt to collect a debt from a consumer, send a written notice containing "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2). The FDCPA further prohibits a debt collector from using a "false, deceptive, or misleading representation" in trying to collect a debt. 15 U.S.C. § 1692e. Plaintiff asserts that defendant's inclusion in its dunning letters of the "Original Creditor," without a concomitant identification of the "current" creditor, violates these provisions of the FDCPA.

The question presented by plaintiff has been litigated in various districts across the country, producing a split of authorities. *Compare* <u>Kirkpatrick v. TJ Servs., Inc.</u>, 379 F. Supp. 3d 539 (E.D. Va. 2019) (denying the debt collector's Rule 12(b)(6) motion), *and* <u>Anderson v. Ray Klein, Inc.</u>, 2019 WL 1568399 (E.D. Mich. Apr. 10, 2019) (denying the debt collector's Rule 12(c) motion), *with* <u>Smith v. Simm Assocs., Inc.</u>, 926 F.3d 377 (7th Cir. 2019) (affirming the grant of summary judgment in favor of the debt collector), *and* <u>Warner v. Ray Klein, Inc.</u>, 2018 WL 1865873 (D. Ore. Apr. 18, 2018) (granting the

ORDER - 3

debt collector's motion for summary judgment).[1]  The Ninth Circuit has not yet spoken.
The Court is persuaded by the reasoning of the Seventh Circuit and the District of
Oregon, and concludes that plaintiff cannot, as a matter of law, establish a violation of the
FDCPA.

The FDCPA is a remedial statute designed to curb abusive debt collection
practices.  <u>See</u> <u>Gonzales v. Arrow Fin. Servs., LLC</u>, 660 F.3d 1055, 1060 (9th Cir. 2011).
It comprehensively regulates the conduct of debt collectors and imposes strict liability,
requiring no proof of intent or other mens rea.  <u>Id.</u> at 1060-61.  In evaluating, under the
FDCPA, whether a consumer would be deceived or misled by a communication, the
Court must apply the "least sophisticated debtor" standard, which examines the effect on
individuals of "below average sophistication or intelligence" or who are "uninformed or
naive."  <u>Id.</u> at 1061-62.  This standard presumes "a basic level of understanding and

---

[1] A number of other district courts have also ruled in favor of the debt collector, but those cases involve slightly different facts.  <u>See</u> <u>Baker v. Lanier Collection Agency & Servs. Inc.</u>, 2018 WL 3109667 (D.S.C. June 25, 2018) (involving a dunning letter beginning with "Re: GEORGIA EMERGENCY ASSOCIATES" and stating that the account had been "placed" with the debt collector); <u>Santibanez v. Nat'l Credit Sys., Inc.</u>, 2017 WL 126111 (D. Ore. Jan. 12, 2017) (also using the terms "Re:" and "placed"); <u>see also</u> <u>McBroom v. Syndicated Office Sys., LLC</u>, 2018 WL 6199014 (W.D. Wash. Nov. 28, 2018) (identifying the creditor at issue as the "Facility"); <u>Wright v. Phillips & Cohen Assocs., Ltd.</u>, 2014 WL 4471396 (E.D.N.Y. Sep. 10, 2014) (naming the "Original Creditor," as well as the "Client," which had "referred" the matter for collection); <u>Schuerkamp v. Afni, Inc.</u>, 2011 WL 5825969 (D. Ore. 2011) (containing "Creditor" in a table heading, without either "original" or "current" as a modifier).  Another Seventh Circuit opinion, <u>Janetos v. Fulton Friedman & Gullace, LLP</u>, 825 F.3d 317 (7th Cir. 2016), which favors the debtor, rather than the debt collector, is likewise distinguishable.  In <u>Janetos</u>, the dunning letter started with "Re: Asset Acceptance, LLC Assignee of AMERISTAR," indicated that the account had been "transferred" to the debt collector, and provided both the "Original Creditor's" and the debt collector's account numbers.  <u>Id.</u> at 320.  The <u>Janetos</u> Court concluded that these statements taken together "simply did not say who currently owned the debts." <u>Id.</u> at 321.

willingness to read with care," and eschews any "bizarre," "idiosyncratic," or "peculiar" interpretations. *Id.* at 1062.

The FDCPA does not require a debt collector to use the term "current" when naming "the creditor to whom the debt is owed." <u>See</u> <u>Smith</u>, 926 F.3d at 381 ("the FDCPA does not require use of any specific terminology to identify the creditor"); <u>Warner</u>, 2018 WL 1865873 at *3 ("The statute does not discern between 'original creditor' and 'current creditor' except to the extent that it requires notice that upon the consumer's written request 'the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.'" (citing 15 U.S.C. § 1692g(a)(5)).

Moreover, when only one creditor is listed in a dunning letter, as was the situation here, no plausible argument can be made that the least sophisticated debtor, reading the correspondence as a whole, would be confused about the identity of "the creditor to whom the debt is owed." <u>See</u> <u>Smith</u>, 926 F.3d at 381; <u>Warner</u>, 2018 WL 1865873 at *3; <u>see also</u> <u>Wahl v. Midland Credit Mgmt., Inc.</u>, 556 F.3d 643, 645 (7th Cir. 2009) ("The 'unsophisticated consumer' isn't a dimwit. . . . [S]he has 'rudimentary knowledge about the financial world' and is 'capable of making basic logical deductions and inferences.'" (citations omitted)). Plaintiff cannot establish a violation of the FDCPA, and defendant is entitled to judgment on the pleadings. In light of this ruling, the Court does not address defendant's alternative argument that plaintiff lacks standing.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Defendant's motion for judgment on the pleadings, docket no. 15, is GRANTED;

(2) Plaintiff's claims under the FDCPA and this case are DISMISSED with prejudice;

(3) In light of the Court's ruling, defendant's motion to stay discovery, docket no. 17, and plaintiff's motion to compel discovery, docket no. 22, are STRICKEN as moot; and

(4) The Clerk is directed to enter judgment consistent with this Order and to send a copy of the Judgment this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 22nd day of January, 2020.

/s/ Thomas S. Zilly
Thomas S. Zilly
United States District Judge